UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSE ALFREDO VARELA-MERAZ,  Case No. 22-CV-2063 (NEB/JFD)

Petitioner,

v.  **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

Respondent.

Petitioner Jose Alfredo Varela-Meraz pleaded guilty in this District to one count of conspiracy to distribute methamphetamine and one count of using, carrying, or possessing a firearm in furtherance of a drug-trafficking crime. *See United States v. Varela-Meraz*, No. 13-CR-0058 (SRN/JJG) (D. Minn.). He was sentenced to a total of 248 months' imprisonment as a result.

Mr. Varela-Meraz did not challenge his conviction or sentence on direct appeal, but he did later seek collateral relief in this District pursuant to 28 U.S.C. § 2255. The § 2255 motion was denied. *See id.*, Dkt. No. 80 (D. Minn. June 19, 2015). When Mr. Varela-Meraz later sought to amend his (already denied) § 2255 motion, the request was denied on the grounds that Mr. Varela-Meraz lacked authorization from the United States Court of Appeals for the Eighth Circuit to proceed with a second or successive § 2255 motion. *See Varela-Meraz v. United States*, No. 13-CR-0058 (SRN), 2018 WL 3630134 (D. Minn. July 31, 2018) (citing 28 U.S.C. § 2255(h)). And when Mr. Varela-Meraz sought authorization from the Eighth Circuit to proceed with a second or successive motion under

1

§ 2255, that request was denied. *See Varela-Meraz v. United States*, No. 18-1633 (8th Cir. May 31, 2018).

This matter is now before the Court on Mr. Varela-Meraz's "motion to challenge and vacate charge of conspiracy." *See* Dkt. No. 1. Mr. Varela-Meraz expressly invokes the federal habeas corpus statute, 28 U.S.C. § 2241, as his basis for relief from his conviction, *see id.* at 1, and for that reason, the motion has been interpreted as a petition for a writ of habeas corpus despite Mr. Varela-Meraz never expressly labeling the document as a habeas petition. But there are two problems with Mr. Varela-Meraz seeking habeas relief from his conviction in this District:

First, a habeas petitioner must seek relief in the judicial district where he is *confined* (or, more accurately, the district in which the petitioner's immediate custodian is located), not the district where the petitioner was *sentenced*. *See, e.g.*, *McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir. 1976). Mr. Varela-Meraz currently is being detained in a federal prison in Ohio. This District therefore would not be an appropriate venue for Mr. Varela-Meraz to seek habeas corpus relief.

Second, even if this District were an appropriate venue for Mr. Varela-Meraz to seek habeas corpus relief, § 2255(e) precludes consideration of a habeas petition brought by a federal prisoner challenging the validity of a conviction or sentence unless § 2255 is inadequate or ineffective to test the legality of that detention. The fact that Mr. Varela-Meraz has already been denied authorization to seek relief for a second time under § 2255 does not render that provision inadequate or ineffective for purposes of § 2255(e). *See United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000). Mr. Varela-Meraz has already

had an unobstructed procedural opportunity to raise the claim presented in his current habeas petition through a motion under § 2255; nothing more than this is required by § 2255(e). *See Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). And because the exclusive-remedy rule of § 2255(e) is jurisdictional, *see DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), the Court is required to dismiss any habeas petition brought by Mr. Varela-Meraz challenging his conviction or sentence.[1]

Although Mr. Varela-Meraz invokes the habeas statute and refers to himself as "petitioner," however, he avoids referring to the motion that commenced this action as a habeas petition, instead using the terminology of § 2255 (without ever referring to that statute expressly). *See* Dkt. No. 1 at 1 ("motion to . . . vacate"). But reinterpretation of the pleading as a § 2255 motion would do Mr. Varela-Meraz little good. Mr. Varela-Meraz lacks authorization to proceed with a second or successive § 2255 motion, and until he procures the necessary authorization from the Eighth Circuit, the sentencing court would lack jurisdiction over any § 2255 motion he might file. *See* 28 U.S.C. § 2255(h).

Mr. Varela-Meraz's ambiguity regarding the basis on which he seeks relief is, in the end, irrelevant. The Court lacks jurisdiction over this matter regardless of how Mr. Varela-Meraz's motion is interpreted, and it is recommended that this matter be dismissed without prejudice on that basis.

---

[1] Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because § 2255(e) would require dismissal of Mr. Varela-Meraz's habeas petition regardless of which jurisdiction it had been filed in, this Court does not believe that transfer of the petition pursuant to § 1406(a) would be in the interests of justice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be dismissed without prejudice for lack of jurisdiction.

Dated: November 21, 2022                     __s/ *John F. Docherty*_____
                                             JOHN F. DOCHERTY
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).